FERDINAND MAYER, PLAINTIFF, v. THE MAYOR, ALDER–
MEN AND COMMONALTY OF THE CITY OF NEW
YORK, DEFENDANTS.

*Reduction of assessment — effect of, upon interest due thereon.*

After an assessment for widening Broadway in the city of New York had been imposed upon the property benefited, the city took proceedings whereby a very large reduction was effected in the total assessment.

Several years thereafter an action was brought by the above named plaintiff, one of the parties assessed, asking to have his assessment reduced in proportion to the amount in which the entire assessment had been reduced. He further demanded that he should be relieved from interest on his entire assessment up to the time that such reduction was allowed.

*Held*, that in no event was he entitled to a reduction of interest, in excess of the interest due upon the sum, by the amount of which his assessment had been reduced.

CROSS-APPEALS from a judgment of the Special Term, in favor of the plaintiff, for a portion of the relief demanded in his complaint.

This action was brought to modify and reform the lien or judgment upon the property benefited by the widening and straightening of Broadway, between Thirty-fourth and Fifty-ninth streets, in the city of New York, and also the unpaid lien or judgment against the property of the plaintiff therefor.

It appeared that after the assessment list was confirmed, whereby said judgment or lien was created, certain action was taken by the city, one of the parties largely assessed, whereby a saving of many thousand dollars in the bill of costs was effected, thereby reducing the whole judgment or assessment by that sum, and proportionately lessening the unpaid judgment or lien upon the property of the plaintiff.

The plaintiff now seeks to reform said judgment and to make it conform to the facts by formal decree of this court, through the means of an action in equity.

*C. C. Higgins*, for the plaintiff.

*D. J. Dean*, for the defendants.

DWIGHT, J. :

The decision of the Special Term was quite as favorable to the plaintiff as the law of the case permitted, and the principles of natural justice invoked by the plaintiff required no further concession to his demand. He is relieved from his proportionate share of the sum by which the charge of the commissioners was reduced, although that reduction was procured in proceedings to which he was not a party and to which he lent no aid.

His further demand is that he shall be relieved from interest on his entire assessment up to the time of the reduction thus gratuitously awarded to him. This demand is certainly not supported by any principle of law or of natural justice. Interest is awarded as damages for non-payment of the assessment, made and confirmed against the plaintiff, from the date of the confirmation. Those damages had been accruing for a period of eight or ten years when the defendant procured a reduction of the total assessment, which, upon the equitable principle adopted in the decision at Special Term, is made to inure *pro rata* to the benefit of the plaintiff. But upon no principle can this reduction affect the interest by way of damages, which had accrued upon that portion of the assessment which still continues chargeable against the plaintiff. The most that can be granted him, is to reduce his assessment by his proportionate share of the reduction on the total assessment, and to permit the assessment thus reduced to stand against him as of the date of the original confirmation. And such is the decision of the Special Term.

The plaintiff's tender was of course of no avail to stop interest, because it did not include interest on the reduced assessment which had accrued.

The judgment appealed from must be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.